United States District Court
Northern District of Indiana
Hammond Division

| | |
|---|---|
| DWAYNE SWIMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:14-CV-211 JVB |
| ) | (arising out of 2:09-CR-233) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

**ORDER**

This matter is before the Court on Dwayne Swims's motion under 28 U.S.C. § 2255 to vacate or correct his sentence in *United States of America v. Swims*, 2:09-CV-233 (DE 143) and his motion to amend the motion to include a claim that one of his prior convictions is not a violent felony under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (DE 192).[1]

The Government filed a notice on September 26, 2016, in which it conceded that, under the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016), Swims's 1997 Illinois conviction for burglary under 720 Ill.Comp. Stat. 5/19-1, one of three offenses the Court relied on to sentence him under the ACCA, should not count as a predicate offense. The Government expressly waived any procedural defenses it might have and asked the Court to grant Swims's § 2255 motion and set the matter for resentencing.

Accordingly, the Court:

1. **GRANTS** Swims's motion to amend (DE 192);

2. **GRANTS** his § 2255 motion (DE 143);

---

[1] Swims filed Docket Entry 192 as an application addressed to the Seventh Circuit Court of Appeals for permission to file a second § 2255 motion. The Court of Appeals had the papers transferred to this Court to be treated as a motion to amend the original § 2255 motion.

3. **DIRECTS** the Probation Department to prepare a revised presentence report and recalculate Swims's Guidelines sentencing range in light of the fact that his 1997 conviction is not a violent felony under the ACCA.[2]

By a separate order, the Court will set this case for a status conference, in which the Probation Officer who will prepare the presentence report must also participate, to discuss the resentencing.

SO ORDERED on September 28, 2016.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge

---

[2] The recalculation should also reflect the fact that when it originally sentenced Swims, the Court determined he did not possess the firearm involved in his conviction under 18 U.S.C. § 922 (g) in connection with another felony offense, so that the four-level increase prescribed by guidelines § 2K2.1(b)(6) does not apply.